UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLEN KLINGENBERG, | ) | CIV. 11-4024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| COUNTY OF MINNEHAHA, a South | ) | MOTION IN LIMINE |
| Dakota political subdivision; and | ) | NUMBER TWO IN PART |
| KURT SCHAUNAMAN, in his official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Arlen Klingenberg, among other claims, alleges a 42 U.S.C. § 1983 cause of action against defendants, County of Minnehaha and Kurt Schaunaman. Klingenberg alleges that he sustained injury to his back during an interaction with Schaunaman and two other correctional officers at the Minnehaha County Jail. In their motion in limine number two, defendants move to prohibit any evidence, testimony, or argument from counsel regarding the County's role in this matter, including, without limitation, any evidence regarding the County's alleged failure to train, reckless disregard for the safety of the Plaintiff, or liability based upon the doctrine of respondeat superior[.]" Docket 14 at 1-2. During the February 13, 2012, pretrial hearing, Klingenberg agreed that the motion in limine should be granted to preclude evidence and argument that the County is liable under a respondeat superior theory. The

court granted the motion in limine as to the respondeat superior liability, and reserved ruling on the remainder of the motion in limine pending further briefing by the parties. The parties have briefed the issue. Defendants' motion in limine number two as it pertains to the County's failure to train and supervise is denied.

## DISCUSSION

A county is a local governmental unit and "cannot be held liable under § 1983 on a respondeat superior theory." *Williams v. Mensey*, 785 F.2d 631, 634-35 (8th Cir. 1986) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663 (1978)). But a county may be liable for a deficient policy regarding the hiring and training of police officers if three conditions are met: (1) the county's hiring and training practices and/or policies are inadequate; (2) the county was deliberately indifferent to the rights of others in adopting the policies and/or practices; and (3) the alleged deficiency in the county's hiring or training procedures actually caused the plaintiff's injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (citations omitted). The Supreme Court recently reasoned that, in limited circumstances, a local government can be held liable for a failure to train if the entity had notice of the particular violation of rights:

> In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. [D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Thus,

> when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. The city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution.

*Connick v. Thompson*, ___ U.S. ___, 131 S. Ct. 1350, 1359-60 (2011) (internal quotations omitted).

In his count number three, Klingenberg pleaded a failure to train and supervise claim against the County. *See* Docket 1 at ¶¶ 36-39. The County moves to exclude any evidence of the County's policies and procedures. It argues that Klingenberg must have expert testimony to prove that its training program is inadequate. Docket 20 at 3-4.

The County, however, neither moved to dismiss count three nor moved for summary judgment on this count. The court will not convert a motion in limine into a motion to dismiss. *See, e.g., Otto Dental Supply, Inc. v. Kerr Corp.*, No. 4:06-cv-01610-WRW, 2008 WL 6842075, at *1 (E.D. Ark. Apr. 23, 2008) (denying defendant's motion in limine because it appeared "that this is a motion to dismiss a claim, rather than a motion in limine."). Because Klingenberg alleged a failure to train and supervise cause of action, he can put on evidence at trial to prove this claim. At the close of Klingenberg's case-in-chief, the County may renew its motion to dismiss Klingenberg's count number three as a motion for directed verdict. Accordingly, it is

3

ORDERED that defendants' motion in limine number two as it pertains to the County's alleged failure to train and supervise is denied.

Dated February 22, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE