UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLEN KLINGENBERG, | ) | CIV. 11-4024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| COUNTY OF MINNEHAHA, a South | ) | MOTION IN LIMINE |
| Dakota political subdivision; and | ) | NUMBER TWO IN PART |
| KURT SCHAUNAMAN, in his official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Arlen Klingenberg, among other claims, alleges a 42 U.S.C. § 1983 cause of action against defendants, County of Minnehaha and Kurt Schaunaman. Klingenberg alleges that he sustained injury to his back during an interaction with Schaunaman and two other correctional officers at the Minnehaha County Jail. In their motion in limine number two, defendants move to prohibit "[a]ny evidence, testimony, or argument from counsel regarding the County's role in this matter, including, without limitation, any evidence regarding the County's alleged failure to train, reckless disregard for the safety of the Plaintiff, or liability based upon the doctrine of respondeat superior[.]" Docket 14 at 1-2. During the February 13, 2012, pretrial hearing, Klingenberg agreed that the motion in limine should be granted to preclude evidence and argument that the County is liable under a respondeat superior

theory. The court granted the motion in limine as to the respondeat superior liability and reserved ruling on the remainder of the motion in limine. After the parties briefed the issue, the court denied defendants' motion in limine number two as it pertains to the County's failure to train and supervise. Docket 25. The court reserved ruling on whether the County's training policies and procedures were admissible pending submission of the policies for the court's review. Klingenberg provided two documents to the court, which are entitled "Use of Force/Restraint Chair/Chemical Agent," and "Minnehaha County Sheriff's Office Jail Training & Evaluation Program Recruit Officer Task List" for Schaunaman. The motion in limine as it pertains to precluding the introduction of these two policies is denied.

## DISCUSSION

A county is a local governmental unit and "cannot be held liable under § 1983 on a respondeat superior theory." *Williams v. Mensey*, 785 F.2d 631, 634-35 (8th Cir. 1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978)). But a county may be liable for a deficient policy regarding the hiring and training of police officers if three conditions are met: (1) the county's hiring and training practices and/or policies are inadequate; (2) the county was deliberately indifferent to the rights of others in adopting the policies and/or practices; and (3) the alleged deficiency in the county's hiring or training procedures actually caused the plaintiff's injury. *Andrews v. Fowler*, 98 F.3d

2

1069, 1076 (8th Cir. 1996) (citations omitted). To succeed on his failure to supervise claim, Klingenberg must make a four-part showing: (1) the County received notice of a pattern of unconstitutional acts committed by subordinates; (2) the County demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) the County failed to take sufficient remedial action; and (4) that this failure proximately caused injury to Klingenberg. *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).

Defendants argue that the policies are irrelevant to Klingenberg's claims. Docket 20 at 4-5. In his third count, Klingenberg pleaded a failure to train and supervise claim against the County. *See* Docket 1 ¶¶ 36-39. Because the County neither moved to dismiss count three nor moved for summary judgment on this count, the County is still a party to this action. *See* Docket 25 at 3 (citing *Otto Dental Supply, Inc. v. Kerr Corp.*, No. 4:06-cv-01610-WRW, 2008 WL 6842075, at *1 (E.D. Ark. Apr. 23, 2008) (denying defendant's motion in limine because it appeared "that this is a motion to dismiss a claim, rather than a motion in limine.")).

In order to succeed on his failure to train claim, Klingenberg must first show that the County's training policies and/or practices are inadequate. *Andrews*, 98 F.3d at 1076. The two policies are probative of the County's training policies, and, thus, relevant to Klingenberg's failure to train claim. Similarly, in order to succeed on his failure to supervise claim, Klingenberg

3

must first show that the County received notice of a pattern of unconstitutional acts committed by subordinates. *Parrish*, 594 F.3d at 1002. The "Recruit Officer Task List" for Schaunaman, which contains observations of Schaunaman's weaknesses and strengths as a correctional officer, is probative of the County's supervision of Schaunaman and, thus, relevant to Klingenberg's failure to supervise claim.

Other courts have admitted training manuals and policies when the municipality is a party because the documents were relevant to either a failure to train or failure to supervise claim. *See, e.g.*, *Gonzalez v. City of Garden Grove*, No. CV 05-1506, 2006 WL 5112757, at *8 (C.D. Cal. Dec. 4, 2006) (admitting policies of other police departments in a failure to train case); *Shouse v. Daviess Cnty., Ky.*, No. 4:06-cv-144-M, 2009 WL 3268450, at *3 (W.D. Ky. Oct. 5, 2009) (admitting a training manual from a department of corrections in a case alleging a failure to adequately supervise); *Estate of Gonzalez v. Hickman*, No. ED CV 05-660, 2007 WL 3237727, at *2 n.3 (C.D. Cal. May 30, 2007) (admitting a report on a special review technique used in the event of a correctional officer's death on the basis that the report was not hearsay and was relevant to the failure to supervise claim); *see also Perry v. City of Gary, Ind.*, No. 2:08-CV-280-JVB-PRC, 2009 WL 2253157, at *5 (N.D. Ind. July 27, 2009) (finding, on a discovery motion, that the evidence relating to police manuals was relevant and would lead to admissible evidence on

4

plaintiff's *Monell* claim); *Langford v. City of Elkhart*, No. S91-322(AS), 1992 WL 404443, at *3 (N.D. Ind. Apr. 21, 1992) (finding, on a discovery motion, that the requested documents relating to the training of a police officer were "directly related" and, thus, relevant to plaintiff's claim that the municipality failed to adequately train the officer). Accordingly, it is

ORDERED that defendants' motion in limine number two as it pertains to precluding the introduction of the County's policies is denied.

Dated February 28, 2012.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE